The opinion of the court wqs delivered by
Tilghman, C. J.
This is an action for a malicious prosecution, The declaration charges Hugh Graham, the defendant, with maliciously, and without probable cause, procuring a hill of indict *235 xnent to be preferred to the grand jury, at a Court of Oyer and Terminer and general jail delivery for the county of Fayette, «gainst Mary Noble, the plaintiff, for feloniously setting fire to, and burning the barn of the defendant, -which said bill of indictment '|ras found by the grand jury to be a-true bill, and the plaintiff was thereupon arraigned, tiied, and acquitted. The declaration avers, also, that the plaintiff was put to' considerable costs and expenses in defending herself against the said prosecution. The error assigned, is in the declaration, which, it is said, sets forth no good cause of action; because if does not allege that the defendant, after the finding of the bill of indictment, maliciously, and without probable cause, did cause the plaintiff to be tried, &c. The argument of the defendant is very refined. It is this: All the charge made by the plaintiff against the defendant is, that he maliciously, &c. caused her to be indicted, and this is contradicted on the face of the declaration, by which it appears that the bill was found to be true, and therefore there was in taw probable cause for preferring it. But this is begging the question. For it may be that the grand jury were imposed on. They hear evidence only on the side of the prosecution; and the bill may have been found on the false oath of the plaintiff, or of some other person who was corrupted by him. It appears that the declaration in this case was copied from Read’s precedents. Mr. Read took many of his precedents from old manuserips of good, authority. He generally mentions the attorney who drew the original, as he has done here, and it is a very respectable name, — Tench Francis, attorney general of Pennsylvania. But, without relying on this authority, let us consider the exception taken to the declaration. It is said to be defective, because it does not aver that the defendant carried on the prosecution, after the finding of the bill. Now, granting that to be the case, was not the plaintiff injured, by the finding of the bill ? What was her situation after it was found ? She could not be discharged without trial, and she.could not be tried without expense. It sufficiently appears by the declaration, therefore, that the defendant did maliciously, and without any probable cause, throw the plaintiff into a situation, from which she could not be extricated without loss of time, expense of money, and great pain of mind. If this be not cause of action, it is hard to conceive what can he. We want no precedent to support such a declaration. The fallacy of the defendant’s argument lies in this supposition that, from the finding of the bill, the law infers that there must have been probable cause for the preferring it to the grand jury. In support of this position, Fuller’s Nisi Prius was cited. Fuller says, that if the bill was found, the defendant need not 2)rove probable cause. That is very true: the finding of the bill is jjrima facie evidence of probable cause, and therefore the bur-then of proving Hint there was not probable cause is thrown on the plaintiff. But the prima fade evidence may be rebutted by *236 contradictory proof, and, if the law were not so, it would be impossible to maintain an action for a malicious prosecution, in any case where a bill was found, and the prosecutor took no further part in the business, but artfully retired, and left the accused to get out of the scrape in the best manner he could. This is against all reason, and would lead to this monstrous consequence, — that although an action might be supported, where the bill was negatived, yet where it was found, through the artifice and villany of the prosecutor, by which the innocent person suffered infinitely greater damage than if it had been negatived, he is to go without remedy. I have no doubt that the declaration in this case sets out a sufficient cause of action, and therefore the judgment should be affirmed.
Judgment affirmed.